UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY SHEFFIELD, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEOSTRATA COMPANY, INC. D/B/A NEOSTRATA AND EXUVIANCE.<br><br>Defendants. | No. 3:26-cv-5764<br><br>**DECLARATION OF DAVID FREEBURG REGARDING VERIFICATION OF STATE COURT RECORDS** |

I, David Freeburg, declare:

1. I am an attorney at DLA Piper LLP (US) and counsel of record for Defendant NeoStrata Company, Inc. If called as a witness, I could and would competently testify as to the matters stated in this declaration, which are based on my personal knowledge and review of business records.

2. Pursuant to LCR 101(b), this declaration attaches all records and proceedings filed in *Sheffield, et al. v. NeoStrata Company, Inc.*, No. 26-2-09206-6 (Pierce Cnty. Sup. Ct.), that have not previously been filed in this Court.

3. Attached as **Exhibit 1** is a true and correct copy of a Notice of Filing of Notice of Removal, dated July 10, 2026.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Executed on July 10, 2026 in Seattle, Washington.

*s/ David Freeburg*
David Freeburg



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties or their counsel of record.

Dated this 10th day of July, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Admin. Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

TIFFANY SHEFFIELD, on their own behalf and on behalf of others similarly situated,

Plaintiff,

v.

NEOSTRATA COMPANY, INC. D/B/A NEOSTRATA AND EXUVIANCE,

Defendants.

Case No. 26-2-09206-6

**NOTICE OF FILING OF NOTICE OF REMOVAL**

TO: Clerk of the Court

AND TO: All Counsel of Record

**PLEASE TAKE NOTICE** that on July 10, 2026, Defendant NeoStrata Company, Inc., removed this action from this Court to the United States District Court for the Western District of Washington. Attached to this notice as **Exhibit A** is a true and correct copy of the Notice of Removal.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

Dated: July 10, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4812
E-mail: *David.Freeburg@us.dlapiper.com*

*Attorneys for Defendants NeoStrata Company, Inc.*



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>**STRAUSS BORRELLI, LLP**<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br>Facsimile: (872) 263-1109<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>**COHENMALAD, LLP**<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>E-mail: ltoops@cohenmalad.com<br>E-mail: nlyons@cohenmalad.com<br>E-mail: ibensberg@cohenmalad.com<br>Phone: (317) 636-6481<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>**STRANCH, JENNINGS & GARVEY, PLLC**<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>E-mail: gstranch@stranchlaw.com<br>E-mail: mtackeff@stranchlaw.com<br>E-mail: amurray@stranchlaw.com<br>Phone: (615) 254-8801<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 10th day of July, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIFFANY SHEFFIELD, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEOSTRATA COMPANY, INC. D/B/A NEOSTRATA AND EXUVIANCE,<br><br>Defendants. | No. 3:26-cv-5764<br><br>DEFENDANT NEOSTRATA COMPANY, INC.'S NOTICE OF REMOVAL<br><br>*From the Washington State Superior Court for Pierce County, No. 26-2-09206-6* |

**TO:** **Clerk of the Court**

**AND TO:** **All Counsel of Record**

**PLEASE TAKE NOTICE** that Defendant NeoStrata Company, Inc. ("NeoStrata"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Pierce County Superior Court to the United States District Court for the Western District of Washington, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, NeoStrata assumes the truth of Plaintiff's allegations. However, NeoStrata disputes that the Plaintiff is entitled to recover any of the amounts alleged in the Complaint or any amount whatsoever.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

## I. PROCEDURAL AND FACTUAL BACKGROUND

On June 10, 2026, Plaintiff Tiffany Sheffield filed a Complaint in the Superior Court for Pierce County, Washington captioned *Sheffield v. NeoStrata Company, Inc. d/b/a NeoStrata and Exuviance*, No. 26-2-09206-6. A copy of the Complaint is attached as **Exhibit A**.

On June 12, 2026, Plaintiff served the Complaint and Summons on NeoStrata. The Complaint asserts two claims for relief alleging that NeoStrata violated the Washington Commercial Electronic Mail Act, RCW 19.190.010 *et seq*., and the Washington Consumer Protection Act, RCW 19.86.010 *et seq*. Compl. ¶¶ 159–175. In particular, Plaintiff alleges that NeoStrata "spams Washington consumers ... with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds[.]" *Id.* ¶ 4. The Complaint claims that NeoStrata engaged in a "consistent pattern of advertising deals" as a "scarce or time-limited opportunity" and later "knowingly extend[ed] the promotion to a new end date." *Id.* ¶¶ 44–45. Based on this theory, the Complaint alleges that NeoStrata sent the named Plaintiff numerous emails in violation of CEMA and the CPA. *Id.* ¶¶ 159–175.

Plaintiff purports to bring this action on behalf of herself and a proposed class that her Complaint defines as "[a]ll Washington residents holding an email address to which Defendant sent or caused to be sent any email referenced above in Section B [of the Complaint] during the Class Period." *Id.* ¶ 148.

## II. THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

The Complaint is removable and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1453 and the Class Action Fairness Act ("CAFA") because: (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since NeoStrata and at least one member of the proposed class are citizens of different states; and (3) the Complaint alleges there is more than $5 million in controversy, considering all damages and equitable relief sought on behalf of the Plaintiff and the proposed class, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B) & (d)(6).



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

To satisfy CAFA, NeoStrata must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" meeting the statute's jurisdictional requirements. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). A notice of removal "need not contain evidentiary submissions." *Id.*; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). Thus, while NeoStrata denies any and all liability as to the Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

**A. This is a putative class action in which the proposed class readily exceeds 100 members.**

A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). This lawsuit meets that definition, as Plaintiff sued individually and on behalf of a proposed class. Compl. ¶ 148.

For removal purposes, CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). The Complaint defines the putative class as "[a]ll Washington residents holding an email address to which Defendant sent or caused to be sent any email referenced above in Section B during the Class Period." Compl. ¶ 93. It also asserts that "the Class is estimated to minimally contain ***thousands*** of members." *Id.* ¶ 152 (emphasis added). Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

**B. There is minimal diversity among the parties.**

"CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Removal is therefore proper when the defendant's state of citizenship is different from even one proposed class member. *See King*, 903 F.3d at 877; *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

Case 3:26-cv-05764-TMC Document 1 Filed 07/01/26 Page 4 of 9

CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

For purposes of diversity jurisdiction, the citizenship of a corporation is determination by both its place of incorporation and its principal place of business. *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (quoting 28 U.S.C. § 1332(c)(1)). Citizenship is determined at the timing of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004).

In this instance, NeoStrata is a corporation incorporated in Delaware with its principal place of business in New Jersey. Compl. ¶ 11. NeoStrata is therefore a citizen of Delaware and New Jersey for purposes of diversity jurisdiction. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.") (quoting 28 U.S.C. § 1332(c)(1)).

According to the Complaint, Plaintiff is domiciled in Pierce County, Washington. Compl. ¶ 10. She is therefore a citizen of Washington for purposes of diversity jurisdiction. Thus, there is diversity of citizenship between NeoStrata and at least one member of the proposed class, as required for removal. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The amount in controversy exceeds $5 million.**

NeoStrata denies that Plaintiff or any member of the putative class is entitled to the damages requested in the Complaint. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of CAFA, however, the amount in controversy is alleged to exceed $5 million, exclusive of interest and costs, which satisfies the jurisdictional requirement for removal. *See* 28 U.S.C. § 1332(d)(2).

CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Identifying the amount in controversy begins, in the first instance, with the allegations in the Complaint. *See Singer v. State*



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

*Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a notice of removal must include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

Here, the Plaintiff asks the Court to award, among other things: "a judgment … permanently enjoining Defendant from the unlawful conduct alleged; … actual or liquidated damages, trebled, according to proof;" and "attorneys' fees." Compl. Prayer for Relief § VIII(A–E). Pursuant to RCW 19.190.040, Plaintiff is seeking statutory damages of $500 for each violation of CEMA. The Complaint also alleges NeoStrata sent over sixty infringing emails over a four-year class period to a putative class that it claims will "minimally contain thousands of members." Compl. ¶ 47–129 & 152. Thus, assuming the class contains just 2,000 members—although the Complaint alleges the true size is likely far higher—each seeking $500 in statutory violations for sixty separate violations of CEMA, the Complaint would be seeking more than $5 million in statutory damages under CEMA, alone. Any right to treble damages under the CPA would increase that amount. The amount in controversy is therefore alleged to be potentially far greater than $5 million, even without the expense of an injunction, attorneys' fees, and costs.

The total amount in controversy also includes both the costs that would be associated with any order for injunctive relief and reasonable attorneys' fees. *Fritsch v. Swift Transp. Co. or Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."). Here, the cost of complying with any injunction would be significant, since injunctive relief would require NeoStrata to make permanent changes needed to identify Washington residents or eliminate them from its sales. *See* Compl. ¶ 165 (stating Plaintiff is entitled to "an injunction against further violations"); *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future sales that would be lost as the result of having to modify purportedly deceptive advertising



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

in determining amount in controversy). Plaintiff is also seeking attorneys' fees under the CPA, which are likely to be proportionate to statutory damages and the size of the class. As a result, the amount in controversy exceeds the $5 million required for removal under CAFA.

## III. REMOVAL VENUE

Removal to the Tacoma Division of the Western District of Washington is appropriate because the removed case was pending in the Pierce County Superior Court, which is located within this District and Division. *See* 28 U.S.C. §§ 128(b), 1441(a), 1446(a) & LCR 3(e).

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

Plaintiff served the Complaint and Summons on NeoStrata on June 12, 2026. This Notice of Removal is filed within 30 days of service, so it is therefore timely under 28 U.S.C. § 1446(b).

Pursuant to 28 U.S.C. § 1446(a) and Local Civil Rule 101(c), true and correct copies of the Complaint and all other process, pleadings, and orders served upon and/or filed in the Pierce County Superior Court prior to this Notice of Removal are attached as Exhibits A–G:

a. A copy of the Complaint is attached hereto as **Exhibit A.**

b. A copy of the Summons is attached hereto as **Exhibit B**.

c. A copy of the Plaintiff's Case Cover Sheet is attached hereto as **Exhibit C**.

d. A copy of the Plaintiff's Jury Demand is attached hereto as **Exhibit D**.

e. A copy of a Pierce County Superior Court Order Setting Case Schedule is attached as **Exhibit E**.

f. A copy of Plaintiff's Affidavit of Service is attached hereto as **Exhibit F.**

g. A copy of Defendant's Notice of Appearance in the Pierce County Superior Court is attached hereto as **Exhibit G.**

NeoStrata has not filed an Answer or other response to the Complaint in the Pierce County Superior Court and is not aware of any pending motions filed in that court.

Pursuant to 28 U.S.C. § 1446, a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Pierce County Superior Court.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

NeoStrata reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure. NeoStrata also reserves the right to amend or supplement this Notice of Removal.

## V. CONCLUSION

NeoStrata respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Pierce County Superior Court.

Dated: July 10, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4812
Email: *David.Freeburg@us.dlapiper.com*

AND

Angela C. Agrusa (*pro hac vice* forthcoming)
Erin T. Huntington (*pro hac vice* forthcoming)
Jahi Jenkins (*pro hac vice* forthcoming)
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, California 90067-4704
Tel: 310.595.3000
Email: *Angela.Agrusa@us.dlapiper.com*
Email: *Erin.Huntington@us.dlapiper.com*
Email: *Jahi.Jenkins@us.dlapiper.com*

*Attorneys for Defendant NeoStrata Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>STRAUSS BORRELLI, LLP<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>COHENMALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>E-mail: ltoops@cohenmalad.com<br>E-mail: nlyons@cohenmalad.com<br>E-mail: ibensberg@cohenmalad.com<br>Phone: (317) 636-6481<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>STRANCH, JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>E-mail: gstranch@stranchlaw.com<br>E-mail: mtackeff@stranchlaw.com<br>E-mail: amurray@stranchlaw.com<br>Phone: (615) 254-8801<br><br>*Attorneys for Plaintiffs* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 10th day of July, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 | Tel: 206.839.4800

# EXHIBIT A

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 10 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

**TIFFANY SHEFFIELD**, on her own behalf and on behalf of others similarly situated,

Plaintiff,

v.

**NEOSTRATA COMPANY, INC.** d/b/a **NEOSTRATA** and **EXUVIANCE**,

Defendants.

Case No.: ____________________

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Tiffany Sheffield, on her own behalf and on behalf of others similarly situated, on information and belief except to her own experiences and matters of public record, complains of Defendant Neostrata Company, Inc. d/b/a Neostrata and Exuviance ("Neostrata" or "Defendant") as follows:

## I. INTRODUCTION

1. In 1998, to protect Washington consumers from the annoyance and harassment caused by the burgeoning spam email industry, the Washington State Legislature enacted the Commercial Electronic Mail Act (CEMA), codified at chapter 190 of title 19 of the Revised Code of Washington (RCW).



**STRAUSS BORRELLI PLLC**
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

2. Among other things, CEMA prohibits transmitting a commercial email with "false or misleading information in the subject line" to the email address of a Washington resident. RCW 19.190.020(1)(b).

3. Neostrata engages in the precise activity which CEMA prohibits.

4. Neostrata spams Washington consumers, including Plaintiff, with commercial emails whose subject lines employ various tactics to create a false sense of urgency in consumers' minds—and ultimately, from consumers' wallets.

5. This false urgency wastes consumers' time by enticing them to engage with Defendant's marketing efforts for fear of missing out. It also floods consumers' email inboxes with repeated false notifications that the time to act—*i.e., purchase*—is short.

6. And through this deceptive time-sensitivity, Neostrata falsely narrows the field—steering consumers away from shopping for better deals—to its own products and services, which must be purchased *now*.

7. Plaintiff challenges Defendant's harassment of Washington consumers with deceptive marketing for violations of the Commercial Electronic Mail Act (RCW 19.190.020) and the Consumer Protection Act (RCW 19.86.020) for injuries caused, additionally seeking injunctive relief against such violations in the future.

## II. JURISDICTION AND VENUE

8. The Court has jurisdiction of this case under RCW 2.08.010.

9. Venue is proper in Pierce County under RCW 4.12.020(3) because Plaintiff's cause of action, or some part thereof, arose in Pierce County.

## III. PARTIES

10. Plaintiff Tiffany Sheffield is a resident of Pierce County, Washington.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

11. Defendant Neostrata Company, Inc. d/b/a Neostrata and Exuviance is a corporation, incorporated in Delaware, with its principal address at 1 Kenvue Way, Summit, New Jersey.

## IV. FACTUAL ALLEGATIONS

### A. CEMA protects Washington consumers from deceptive spam emails.

12. The Supreme Court of Washington has made clear: "[A]ll Internet users … bear the cost of deceptive spam." *State v. Heckel*, 143 Wn.2d 824, 835 (2001) (en banc).

13. In 1998, the Legislature found that the "volume of commercial electronic mail" was "growing," generating an "increasing number of consumer complaints." Laws of 1998, ch. 149, § 1.

14. While it's been nearly three decades since CEMA's enactment, the problems caused by unsolicited commercial email, *i.e.,* spam email, have grown exponentially.

15. The problems, however, are not limited to email content. Subject lines of emails are framed to attract consumers' attention away from the spam barrage to a message that entices consumers to click and, ultimately, *purchase*.

16. In 2003, the United States Congress found that "[m]any senders of unsolicited commercial electronic mail purposefully include misleading information in the messages' subject lines in order to induce the recipients to view the messages." 15 U.S.C. § 7701(a)(8).

17. In 2012, one study estimated that Americans bear "costs of almost $20 billion annually" due to unsolicited commercial email. Justin M. Rao & David H. Reiley, *The Economics of Spam*, 26 J. of Econ. Perspectives 87, 88 (2012).

18. Even when bulk commercial email marketers are operating under color of consumer consent, the reality is that "[m]ost privacy consent"—especially under the "notice-and-choice" approach predominant in the United States—"is a fiction." Daniel J. Solove, *Murky Consent:*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

*An Approach to the Fictions of Consent in Privacy Law*, 104 Boston Univ. L. Rev. 593, 596 (2024).

19. Consumers therefore routinely "consent" to receive flurries of commercial emails that they did not meaningfully request and in which they have no genuine interest.

20. This includes emails sent to consumers from businesses with which they have no prior relationship—by virtue of commercial data brokers and commercial data sharing agreements.

21. Simply conducting the routine affairs of daily life often exposes consumers to unanticipated and unwanted volumes of commercial email. "Nowadays, you need an email address for everything from opening a bank account to getting your dog's nails trimmed, and … [o]nce you hand over your email address, companies often use it as an all-access pass to your inbox: Think of shopping websites that send account updates, deals, 'we miss you' messages, and holiday promotions throughout the year. It's too much." Kaitlyn Wells, *Email Unsubscribe Services Don't Really Work*, N.Y. Times Wirecutter (Aug. 19, 2024), https://perma.cc/U8S6-R8RU/.

22. The Legislature presciently intended CEMA to "provide some immediate relief" for these problems by prohibiting, among other things, commercial emails that "contain untrue or misleading information in the subject line." Laws of 1998, ch. 149, § 1.

23. CEMA thereby protects Washington consumers against the "harms resulting from deceptive commercial e-mails," which "resemble the type of harms remedied by nuisance or fraud actions." *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1008 (W.D. Wash. 2019).

24. CEMA's "truthfulness requirements" increase the costs of sending deceptive commercial emails and thereby reduce their volume. *Heckel*, 143 Wn. 2d at 836.

25. CEMA's "truthfulness requirements" thereby advance the statute's aim of protecting consumers "from the problems associated with commercial bulk e-mail" while facilitating commerce "by eliminating fraud and deception." *Id.*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

26. CEMA "mean[s] exactly what it says": in "broad" but "patently clear" language, CEMA unambiguously prohibits "sending Washington residents commercial e-mails that contain *any* false or misleading information in the subject lines of such e-mails." *Certification from U.S. Dist. Ct. for W. Dist. of Wash. in Brown v. Old Navy, LLC*, 567 P.3d 38, 44, 46–47 (Wash. 2025).

27. CEMA's protections do not depend on whether any email was (really or fictively) solicited by consumers, nor on whether consumers relied on any false or misleading statement contained in its subject line. *See Harbers*, 415 F. Supp. 3d at 1011.

28. The statute's only concern is to suppress false or misleading information in the subject line of commercial emails. *See Brown*, 567 P.3d at 44–45.

**B. The subject lines of Neostrata's marketing emails make false time scarcity claims.**

29. One common way online marketers "manipulate consumer choice by inducing false beliefs" is to create a false sense of urgency or to falsely claim that consumers' time to act is scarce. Fed. Trade Comm'n, *Bringing Dark Patterns to Light* 4 (2022), https://perma.cc/847M-EY69/; *see also* U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers* 26 (2022), https://perma.cc/V848-7TVV/.

30. The FTC has identified the "False Limited Time Message" as one example of false time scarcity claims, in which the marketer creates "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached." *Bringing Dark Patterns to Light*, *supra* para. 29, at 22.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

31. "False or misleading scarcity claims can change the behaviour of consumers." *Online Choice Architecture, supra* para. 29, at 27.

32. Representations about the timing and duration of sales, discounts, and other special offers are fundamentally representations about prices, and such representations matter to ordinary consumers. *See, e.g.*, Huiliang Zhao *et al.*, *Impact of Pricing and Product Information on Consumer Buying Behavior with Consumer Satisfaction in a Mediating Role*, 12 Frontiers in Psychology 720151 (2021), *available at* https://pmc.ncbi.nlm.nih.gov/articles/PMC8710754/pdf/fpsyg-12-720151.pdf/.

33. False scarcity claims are psychologically effective. As "considerable evidence" suggests, "consumers react to scarcity and divert their attention to information where they might miss opportunities." *Online Choice Architecture*, *supra* para. 29, at 26.

34. Invoking this time pressure achieves a seller's aim to narrow the field of competitive products and deals by "induc[ing] consumers to rely on heuristics (mental shortcuts), like limiting focus to a restricted set of attributes or deciding based on habit." *Id.*

35. Under time pressure, "consumers might take up an offer to minimize the uncertainty of passing it up." *Id.*

36. False time scarcity claims thus *harm consumers* by manipulatively distorting their decision-making to *their detriment—and the seller's benefit*.

37. Indeed, one 2019 study found that "customers who took timed deals rather than waiting to see wider options ended up worse off than those who waited." *Id.* at 27.

38. False time scarcity claims also harm market competition. Consumers learn to ignore scarcity claims, "meaning that when a product [or offer] is truly scarce, the seller will not be able to credibly communicate this information." *Id.*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

39. These false time scarcity claims are a staple of Neostrata's email scheme to compel consumers to purchase its products.

40. Neostrata is a dermatologist founded online retail company specializing in advanced at-home skincare products.[1] The company's merchandise is available online at https://www.neostrata.com/ and at https://www.exuviance.com/.

41. To advertise its products and encourage online purchases, Neostrata spams consumers with emails promoting deals on its products.

42. **Urgent Spam Emails.** Unfortunately for those email recipients, Neostrata regularly titles its emails with urgent subject headings that do not reflect the true availability of the advertised deal. This strategy is demonstrated in the examples discussed below.

43. For years, Neostrata has engaged in a consistent pattern of advertising deals on its products that it initially promotes through spam emails announcing the offer, promotion, or sale.

44. Once it has hooked consumers on the advertised promotion—often branded with a seasonal theme—Neostrata uses the subject lines of follow-up emails to present the deal as a scarce or time-limited opportunity. This strategy commands consumers' attention and pressures them to make online purchases before Neostrata's false "deadline." Then, once the originally advertised "deadline" has passed, Neostrata knowingly extends the promotion to a new end date.

45. While Neostrata may present these extensions as though they are a favor or unexpected blessing to consumers, they are anything but. By deploying false time pressure with surprise extensions—which are only disclosed once the original promotion has ended—Neostrata compels consumers to purchase quickly while withholding terms that consumers need so they can make informed buying decisions.

---

[1] *Our Story*, NEOSTRATA, https://www.neostrata.com/pages/our-story (last visited June 9, 2026); *Our Story*, EXUVIANCE, https://www.exuviance.com/pages/our-story (last visited June 9, 2026).



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

46. This misleading marketing strategy allows Neostrata to maximize sales during both the initial promotion and the subsequent extension.

47. Neostrata used this deceptive extension practice in November 2022.

48. On November 11, 2022, Neostrata sent consumers an email with the subject line: "1-Day Only. 40% Off Sitewide + FREE Shipping!"

49. Later that same day, Neostrata sent consumers two more emails with the subject lines: "FINAL HOURS For 40% Off!" and "Last Chance for 40% OFF Sitewide!"

50. But it wasn't the "last chance" for customers to save 40% off. On November 12, 2022, Neostrata sent consumers an email with the subject line: "Just Your Luck! Another Day to Shop the 11/11 Sale." The preview text of the email informed consumers that the "40% Off Sitewide + Free Shipping Continues!"

51. Neostrata's "1-Day only" representation in its November 11 subject line was not true. Consumers had an additional day to save 40% off.

52. Neostrata used this same strategy later that same year.

53. On December 15, 2022, Neostrata sent an email to consumers with the subject line: "BACK FOR 1 DAY ONLY! 40% Off Sitewide!!!" The fine print of the email included a disclaimer that the offer was "valid December 15, 2022."

54. Later that same day, Neostrata sent an email to consumers with the subject line: "LAST CALL: 40% Off Sitewide Is Almost Over" The preview text of the email warned: "Don't Miss Out On Your Last Chance To Indulge[.]" The fine print of the email included a disclaimer that the offer was "valid December 15, 2022."

55. Yet, the very next day on December 16, 2022, Neostrata sent consumers an email with the subject line: "In Case You Missed It! | 40% OFF Sitewide Is Extended!"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

56. Despite the clear deadlines and warnings contained in Neostrata's emails, the 40% off sale was not "1 DAY ONLY" as the December 15, subject lines cautioned. In truth, consumers would have an extra day to obtain the advertised discounts.

57. At the same time as its 40% off deceptive email strategy, Neostrata also used the same tactic for its Buy One Get One Free sale.

58. On December 15, 2022, Neostrata emailed consumers with the subject line: "One Final Thrill: Buy One, Get One FREE[.]" The fine print of the email included a disclaimer that the offer was "valid December 15, 2022."

59. Later that same day, Neostrata sent customers another email with the subject line: "Going, Going, BOGO Sale is Almost Gone!" The body of the email warned consumers that the sale "ENDS TONIGHT!" The fine print of the email included a disclaimer that the offer was "valid December 15, 2022."

60. But this was not the last chance for consumers to get "One Final Thrill[.]" On December 16, 2022, Neostrata sent an email to consumers with the subject line: "Extended! Buy One Get One FREE!"

61. Thus, Neostrata's December 15 subject line warning consumers that the BOGO sale was "Almost Gone" communicated a false deadline because consumers had one more day to take advantage of the promotion.

62. Neostrata used the same technique for its 4th of July sale. On July 4, 2023, Neostrata sent customers an email with the subject line: "⚡ 50% OFF SETS. TODAY ONLY! ⚡ [.]"

63. Yet, the very next day, on July 5, 2023, Neostrata sent customers an email with the subject line: "Extended! Power Up With 50% Off Sets[.]"

64. Thus, one day after warning consumers that they only had one day to access the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

July 4th 50% off sets deal, Neostrata purported to extend the sale, showing that the information in the July 4 subject line was false and misleading. The false deadline was simply a marketing strategy meant to compel consumers to purchase items from the Defendant's website faster.

65. Another example comes from Neostrata's Cyber Monday sale that same year.

66. On November 27, 2023, Neostrata sent consumers an email with the subject line: "LAST CALL: 60% Off! Shop our Exclusive Cyber Monday Set!" The preview text of the email informed consumers that they could also get "40% OFF SITEWIDE[.]"

67. Later that day, Neostrata sent consumers another email with a warning in the subject line: "Selling Fast! 60% Off All Sets[.]" The preview text of the email informed consumers that "40% OFF SITEWIDE ENDS TONIGHT!"

68. But November 27 was not the "LAST CALL" for customers to save. On November 28, 2023, Neostrata emailed customers with the subject line: "ONE. MORE. DAY. 60% OFF CYBER MONDAY SET EXTENDED!" and with the preview text: "Plus, LAST CHANCE for 40% Off Sitewide!"

69. Contrary to Neostrata's "LAST CALL" invocation on November 27, consumers in fact had additional time to make use of the Cyber Monday promotion. The emails on November 27 were misleading because the subject lines contained false information designed to make consumers feel urgency based on incorrect information.

70. Neostrata repeated this trick just a few weeks later. On December 13, 2023, Neostrata emailed consumers with the subject line: "LAST CALL! 4 Days of Festivities Ends Tonight!" The email included the preview text: "Shop 50% Off Winter Faves!"

71. Yet the very next day, on December 14, 2023, Neostrata sent consumers an email with the subject line: "⚠️ EXTENDED! 50% Off Winter Faves ⚠️ [.]"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

72. Neostrata's "Ends Tonight" representation in its December 13 subject line was not true. Consumers had an additional day to save 50% off.

73. Another example occurred on February 28, 2024. Neostrata emailed consumers with the subject line: "40% Off Any 3+ Items!" The preview text of the email warned customers: "4 Days of Deals ENDS TONIGHT!"

74. Later that same day, Neostrata emailed consumers again with the subject line: "Last Chance! 40% Off Any 3+ Items[.]" The body of the email emphasized that the 40% off deal was "TODAY ONLY!"

75. But the following day, on February 29, 2024, Neostrata sent customers an email with the subject line: "Surprise Extension! 40% Off Any 3+ Items[.]"

76. The false scarcity manufactured by Neostrata in its February 27 emails might compel a consumer to take urgent action and purchase a product using the 40% off discount, only to have additional time to take advantage of the same deal offered the very next day.

77. Neostrata continued the same strategies the following year. On March 2, 2025, Neostrata announced a new sale in an email to consumers with the subject line: "Flash Sale! 🏆 25% Off Award-Winners[.]" The preview text of the email informed customers that "Top Picks on Sale, 24 Hours Only!" The email included a disclaimer that the "Offer expires March 2, 2025."

78. Later that same day, Neostrata emailed consumers with the subject line: "Last Call! 25% Off Award-Winners 🏆 [.]" The body of the email emphasized that the sale was "TODAY ONLY!" This email also included a disclaimer that the "Offer expires March 2, 2025."

79. But March 2 wasn't the "Last Call" because on March 3, 2025, Neostrata sent an email to customers with the subject line: "Extended! 25% Off For Red-Carpet Ready Skin[.]"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

80. Thus, one day after warning consumers that they only had one day to access the 25% off sale, Neostrata purported to extend the deal, showing that the information in the March 2 subject lines were false and misleading.

81. Neostrata continued this marketing strategy throughout the month of March. On March 9, 2025, Neostrata emailed consumers with the subject line: “Ends Tonight! 25% Off Night Treatments[.]” The body of the email emphasized the sale was in its “FINAL HOURS[.]”

82. But the following day, on March 10, 2025, Neostrata sent an email to consumers with the subject line: “Extended! 25% Off Night Treatments[.]”

83. Neostrata’s “Ends Tonight” representation in its March 9 subject line was not true. Consumers had an additional day to save 25% off night treatments.

84. Two weeks later, Neostrata used this same tactic. On March 26, 2025, Neostrata sent an email to customers with the subject line: “Ends Tonight! 40% Off Any 3+ Items[.]” The body of the email made it clear that the promotion was “TODAY ONLY!”

85. Yet, the very next day, Neostrata sent another email to consumers with the subject line: “Surprise Extension! 40% Off Any 3+ Items[.]”

86. Despite the clear deadline in Neostrata’s emails, the 40% off sale on any 3 items did not end that night as the March 26 subject line cautioned. In truth, consumers would have an extra day to obtain the advertised discounts.

87. Another example of Neostrata’s extension marketing strategy occurred later that same year. On July 13, 2025, Neostrata sent consumers an email with the subject line: “50% Off Lift Volumizing Concentrate Ends Tonight[.]” The body of the email warned customers that the sale was in its “Final Hours!”

88. But Neostrata’s sale was not in its “Final Hours” because on July 14, 2026,



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Neostrata emailed consumers with the subject line: "EXTENDED! 50% Off Lift Volumizing Concentrate[.]"

89. Neostrata's "Ends Tonight" representation in its July 13 subject line was not true. Consumers had an additional day to save 50% off the Lift Volumizing Concentrate.

90. The very next month, Neostrata emailed consumers using the same sale extension strategy. On August 5, 2025, Neostrata announced a sale on its AHA classics in an email with the subject line: "Get Glowing: 50% Off AHA Classics[.]" The preview text in the email warned the sale was "Today Only!" And fine print at the bottom of the email informed customers that the "Offer expires August 6th, 2025 (12 AM PST)."

91. Later that same day, Neostrata emailed consumers with the subject line: "Last Call! 50% Off AHA Classics[.]" The body of the email flashed a warning this was customers 'LAST CHANCE!" to save 50% off. Fine print at the bottom of the email informed customers that the "Offer expires August 6th, 2025 (12 AM PST)."

92. But Neostrata's customers had more time to "get glowing" with the 50% off sale. On August 6, 2025, Neostrata emailed consumers with the subject line: "EXTENDED! 50% OFF[.]" The fine print at the bottom of the email now informed customers that the "Offer expires August 7th, 2025 (12 AM PST)."

93. The false scarcity manufactured by Neostrata in its August 6 emails might compel a consumer to take urgent action and purchase a product using the 50% off discount, only to have additional time to take advantage of the same deal offered the very next day.

94. Neostrata used the same technique the next month for its 24-hour flash sale. On September 7, 2025, Neostrata sent consumers an email with the subject line: "Today Only: 40% Off Any 3+ Items[.]" The body of the email informed customers this was a "24-Hour Flash Sale[.]"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

95. Later that same day, Neostrata sent consumers two more emails with the subject lines: "Last Chance! 40% Off Any 3+ Items" and "Final Hours for 40% Off[.]"

96. Yet, the very next day, on September 8, 2025, Neostrata emailed consumers with the subject line: "EXTENDED! 40% Off Any 3+ Items[.]"

97. Thus, one day after warning consumers that they only had one day to access the sale for 40% off any 3+ items, Neostrata purported to extend the deal, showing that the information in the September 7 emails' subject lines were false and misleading.

98. Neostrata continued the same strategies the next month. On October 19, 2025, Neostrata announced its BOGO sale in an email to consumers with the subject line: "Flash Sale! ⚡ Buy One, Get One Free[.]" The body of the email included the warning: "Hurry, 24 Hours Only!"

99. Later that same day, Neostrata emailed customers with the subject line: "Final Hours for BOGO!" The preview text advised consumers that "Buy One, Get One Free Ends Soon[.]"

100. But October 19 was not the "Final Hours" for customers to take advantage of the BOGO sale. On October 20, 2025, Neostrata sent consumers an email with the subject line: "Extended! Buy One, Get One[.]"

101. Another example occurred on November 11, 2025, Neostrata sent consumers an email with the subject line: "FINAL HOURS FOR 40% OFF SITEWIDE!"

102. Later that same day, Neostrata sent another email to consumers with the subject line: "Last Call! ⏰ 40% Off Sitewide Ends Soon[.]" The body of the email emphasized that the sale was in its "FINAL HOURS[.]"

103. Neostrata called customers again the very next day on November 12, 2025, when it sent an email with the subject line: "SINGLES' DAY EXTENDED! 40% Off Sitewide[.]"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

104. Neostrata's "FINAL HOURS" representation in its November 11 subject line was not true because consumers had an additional day to save 40% off sitewide.

105. Neostrata used the same strategy the very next month for its Cyber Monday sales. On December 1, 2025, Neostrata emailed customers with the subject line: "Cyber Monday Last Chance: 60% Off Blockbuster Set[.]"

106. Neostrata sent another email the same day with the subject line: "60% Off Skin Active Sets Ends Tonight!"

107. But December 1 was not the "last chance" for customers to save 60% on the Blockbuster Set or the Active Set. On December 2, 2025, Neostrata sent emails to customers with the subject lines: "EXTENDED! 60% Off Blockbuster Se t+ 40% Off Sitewide" and "Cyber Monday Extended! 60% Off Skin Active Sets[.]"

108. Despite the clear deadline in Neostrata's emails, the 60% off sale on the Blockbuster Set and Active Set did not end that night as the December 1 subject lines cautioned. In truth, consumers would have at least one extra day to obtain the advertised discounts.

109. More examples of Neostrata's deceptive marketing strategies occurred the following year in for its Anniversary Sale. On February 22, 2026, Neostrata emailed customers with the subject line: "Ends Tonight: 30% Off Sitewide + Free Cleanser[.]" The body of the email made it clear this was customers "LAST CHANCE" to take advantage of the sale.

110. Later that same day, Neostrata sent consumers another email advertising its Anniversary Sale with the subject line: "Final Hours! Shop The Anniversary Sale[.]"

111. Yet, the very next day, on February 23, 2026, Neostrata emailed customers with the subject line: "Extended! 30% Off Sitewide + Free Cleanser[.]"

112. Neostrata's "Ends Tonight" representations in its February 22 subject lines were not



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

true because consumers had an additional day to shop the Anniversary Sale and save 30% off sitewide and get a free cleanser.

113. That same month, Neostrata used the same tactic. On February 26, 2026, Neostrata sent consumers an email with the subject line: "Today Only: 40% Off Any 3+ Items!"

114. Later that same day, Neostrata emailed consumers with the subject line: "Final Hours: 40% Off Any 3+ Items!" The body of the email warned customers that the deal was for "TODAY ONLY!"

115. But the next day, on February 27, 2026, Neostrata emailed consumers with the subject line: "EXTENDED! 40% Off Any 3+ Items[.]"

116. Thus, one day after warning consumers that they only had one day to access the sale for 40% off any 3+ items, Neostrata purported to extend the deal, showing that the information in the February 26 emails' subject lines were false and misleading.

117. Neostrata used the same strategy several times in March 2026. On March 10, 2026, Neostrata sent an email to customers with the subject line: "Ends Tonight! FREE Full-Size Peel, On Us[.]" The body of the email advertised the promotion of a free peel with purchases $125 or more.

118. But the very next day on March 11, 2026, Neostrata emailed customers with the subject line: "Extended! FREE Full-Size Peel, On Us[.]" The body of the email advertised that same promotion of a free peel with purchases $125 or more.

119. On March 11, 2026, Neostrata sent an email to consumers with the subject line: "Ends Tonight! 40% Off Any 3+ Items[.]" The body of the email emphasized that the sale was for "TODAY ONLY!"

120. Yet, on March 12, 2026, Neostrata sent an another email to customers with the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

subject line: "Extended! 40% Off Any 3+ Items[.]"

121. On March 22, 2026, Neostrata sent consumers an email with the subject line: "Last Chance! FREE SkinRise Morning Glow Pads" and preview text stating: "Plus 30% Off Sitewide + Free Shipping[.]"

122. Later that same day, Neostrata emailed consumers again with the subject line: "30% Off Sitewide Spring Savings Ends Tonight[.]"

123. However, on March 23, 2026, Neostrata emailed consumers with the subject line: "Extended! 30% Off + FREE SkinRise Morning Glow[.]"

124. Despite the clear deadlines for each sale and/or promotion in Neostrata's March emails, consumers would continuously have at least one extra day to obtain the advertised discounts. Thus, the information in the emails warning that it was consumers "Last Chance" or the sale would "End Tonight" was false and misleading.

125. Neostrata continued to use the same tactics several times in April 2026 as well. On April 4, 2026, Neostrata sent an email to consumers with the subject line: "Today Only: 50% Off Vitamin C Capsules[.]"

126. But the next day, on April 5, 2026, Neostrata sent an email to consumers with the subject line: "One More Day for 50% Off!" and the preview text "Last Chance to Save on Vitamin C Capsules!"

127. On April 19, 2026, Neostrata sent an email to consumers announcing its BOGO sale with the subject line: "48 Hours Only: Buy One, Get One Free[.]"

128. The next day, April 20, 2026, Neostrata sent an email to consumers with the subject line: "Our Offer Ends Tonight[.]" The body of the email warned that the BOGO sale was in its "FINAL HOURS!"



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

129. Yet, on April 21, 2026, Neostrata emailed consumers with the subject line: "LAST CHANCE!" The body of the email informed consumers that there was a "SURPRISE EXTENSION" on the BOGO sale.

130. Despite the clear deadlines for each sale and/or promotion in Neostrata's April emails, consumers would continuously have at least one extra day to obtain the advertised discounts. Thus, the information in the emails warning that it was consumers "Last Chance" or the sale was "Today Only" was false and misleading.

131. In short, Neostrata engages in email marketing strategies whereby it creates a false sense of urgency, misrepresents when sales end, and then arbitrarily extends those sales to rope in consumers with subject headings that are just not true.

**C. Neostrata knows when it sends emails to Washington residents.**

132. A sophisticated commercial enterprise like Neostrata, which is engaged in persistent marketing through mass email campaigns across the United States, has several ways of knowing where the recipients of its marketing emails are located. The means it employs are peculiarly within its knowledge.

133. First, the sheer volume of email marketing that Neostrata engages in puts it on notice that Washington residents would receive its emails. Since 2022, Neostrata has been blasting out emails at a rate averaging 422 per year, 35 per month, and 1 per day.

134. Second, Neostrata may obtain location information tied to email addresses when consumers make purchases from its digital platforms, including https://www.neostrata.com/ and https://www.exuviance.com/, or otherwise self-report such information to Neostrata.

135. Third, Neostrata may obtain location information tied to email addresses by tracking the IP addresses of devices used to open its emails, which in turn can be correlated to



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

physical location (as illustrated, for example, by the website https://whatismyipaddress.com/). Neostrata is likely able to infer the general geographic location of recipients by state based on their IP address at the time of email open or link click.

136. Fourth, Neostrata may obtain location information tied to email addresses by purchasing consumer data from commercial data brokers such as Acxiom, Oracle, and Equifax, which sell access to databases linking email addresses to physical locations, among other identifiers.

137. Fifth, Neostrata may obtain location information tied to email addresses by using "identity resolution" services offered by companies such as LiveRamp, which can connect consumers' email addresses to their physical locations, among other identifiers.

138. Sixth, Neostrata may obtain information that the recipients of its marketing emails are Washington residents because that information is available, upon request, from the registrant of the Internet domain names contained in the recipients' email addresses. *See* RCW 19.190.020(2).

139. It is thus highly probable that a seller with the size and sophistication of Neostrata employs not just one but several means of tying consumers' email addresses to their physical locations, at least at the state level.

### D. Neostrata violated Plaintiff's right under CEMA to be free from deceptive commercial emails.

140. Neostrata has spammed Plaintiff, a Washington citizen, with commercial emails whose subject lines contain false or misleading statements in violation of her right to be free from such annoyance and harassment under CEMA.

141. For example, Plaintiff has received emails containing false or misleading subject



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Case 3:26-cv-05764 Document 1-4 Filed 07/01/26 Page 21 of 27

lines sent by Neostrata, as described above in Section B. These messages were sent to Plaintiff's personal Gmail address:

142. Plaintiff received the email described *supra* at ¶ #49 sent on November 11, 2022, with the subject line: "Last Chance for 40% OFF Sitewide!"

143. Plaintiff received the email described *supra* at ¶ 62 sent on July 4, 2023, with the subject line: "⚡ 50% OFF SETS. TODAY ONLY! ⚡ [.]"

144. Plaintiff received the email described *supra* at ¶ 127 sent on April 19, 2026, with the subject line: "48 Hours Only: Buy One, Get One Free[.]"

145. Plaintiff received the email described *supra* at ¶ 128 sent on April 20, 2026, with the subject line: "Our Offer Ends Tonight[.]"

146. The subject lines of these emails were false or misleading in violation of CEMA, for misrepresenting the timing of the deals, and as further described herein.

147. These emails' subject lines contained false statements of fact as to the "duration or availability of a promotion." *Brown*, 567 P.3d at 47.

## V. CLASS ALLEGATIONS

148. Plaintiff brings this action under Civil Rule 23 on behalf of the following putative class ("Class"):

> All Washington citizens holding an email address to which Defendant sent or caused to be sent any email referenced above in Section B during the Class Period.

149. Excluded from this definition of the Class are Defendant's officers, directors, and employees; Defendant's parents, subsidiaries, affiliates, and any entity in which Defendant has a controlling interest; undersigned counsel for Plaintiff; and all judges and court staff to whom this action may be assigned, as well as their immediate family members.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

150. The Class Period extends from the date four years before this Class Action Complaint is filed to the date a class certification order is entered in this action.

151. Plaintiff reserves the right to amend the Class definition as discovery reveals additional emails containing false or misleading information in the subject line that Defendant sent or caused to be sent during the Class Period to email addresses held by Washington residents.

152. The Class is so numerous that joinder of all members is impracticable because the Class is estimated to minimally contain thousands of members.

153. There are questions of law or fact common to the class, including without limitation whether Defendant sent commercial emails containing false or misleading information in the subject line; whether Defendant sent such emails to email addresses it knew or had to reason to know were held by Washington residents; whether Defendant's conduct violated CEMA; whether Defendant's violation of CEMA constituted a *per se* violation of the Consumer Protection Act, RCW 19.86.020 (CPA); and whether Defendant's should be enjoined from such conduct.

154. Plaintiff's claims are typical of the Class's because, among other reasons, Plaintiff and Class Members share the same statutory rights under CEMA and the CPA, which Defendant violated in the same way by the uniform false or misleading marketing messages it sent to all putative Members.

155. Plaintiff will fairly and adequately protect the Class's interests because, among other reasons, Plaintiff shares the Class's interest in avoiding unlawful false or misleading marketing; has no interest adverse to the Class; and has retained competent counsel extensively experienced in consumer protection and class action litigation.

156. Defendant has acted on grounds generally applicable to the Class, in that, among other ways, it engaged in the uniform conduct of sending uniform commercial emails to Plaintiff



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

and the Class, which violate CEMA and the CPA in the same way, and from which it may be enjoined as to Plaintiff and all Class Members, thereby making appropriate final injunctive relief with respect to the Class as a whole.

157. The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, in that, among other ways, Defendant has violated their rights under the same laws by the same conduct, and the only matters for individual determination are the number of false or misleading emails received by each Class Member and that Class Member's resulting damages.

158. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other reasons, the claims at issue may be too small to justify individual litigation, and management of this action as a class presents no special difficulties.

## VI. CLAIMS TO RELIEF

### First Claim to Relief

### Violation of the Commercial Electronic Mail Act, RCW 19.190.020

159. Plaintiff incorporates and realleges paragraphs 1–158 above.

160. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

161. Defendant is "persons" within the meaning of CEMA. RCW 19.190.010(11).

162. Defendant initiated the transmission, conspired with another to initiate the



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

transmission, or assisted the transmission of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

163. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents, including because Defendant knew that Plaintiff and putative Members were Washington residents as such "information is available, upon request, from the registrant of the internet domain name contained in the recipient's electronic mail address." RCW 19.190.020(b)(2).

164. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

165. For Defendant's violation of CEMA, Plaintiff is entitled to all available relief, including an injunction against further violations.

## **Second Claim to Relief**

### **Violation of the Consumer Protection Act, RCW 19.86.020**

166. Plaintiff incorporates and realleges paragraphs 1–158 above.

167. The CPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

168. A violation of CEMA is a *per se* violation of the CPA. RCW 19.190.030.

169. A violation of CEMA establishes all the elements necessary to bring a private action under the CPA. *Wright v. Lyft*, 189 Wn.2d 718 (2017).

170. CEMA provides that "[n]o person may initiate the transmission, conspire with



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

another to initiate the transmission, or assist the transmission, of a commercial electronic mail message … to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that … [c]ontains false or misleading information in the subject line." RCW 19.190.020(1)(b).

171. Defendant is "persons" within the meaning of CEMA. RCW 19.190.010(11).

172. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of "commercial electronic mail messages" within the meaning of CEMA. RCW 19.190.010(2).

173. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages to electronic mail addresses that Defendant knew, or had reason to know, were held by Washington residents.

174. Defendant initiated the transmission, conspired with another to initiate the transmission, or assisted the transmission of such messages that contained false or misleading information in the subject line, as described herein, in violation of CEMA. RCW 19.190.020(1)(b).

175. For Defendant's violation of the CPA, Plaintiff and putative Members are entitled to an injunction against further violations; the greater of Plaintiff's actual damages or liquidated damages of $500 per violation, trebled; and costs of the suit, including a reasonable attorney's fee.

## VII. PRAYER FOR RELIEF

Plaintiff asks that the Court:

A. Certify the proposed Class, appoint Plaintiff as Class representative, and appoint undersigned counsel as Class counsel;

B. Enter a judgment in Plaintiff's and the Class's favor permanently enjoining Defendant from the unlawful conduct alleged;



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

C. Enter a judgment in Plaintiff's and the Class's favor, awarding actual or liquidated damages, trebled, according to proof;

D. Award Plaintiff's costs of suit, including reasonable attorneys' fees; and

E. Order such further relief as the Court finds appropriate.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date: June 10, 2026

*/s/ Samuel J. Strauss*
Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

# EXHIBIT B

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 10 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

| | |
|---|---|
| **TIFFANY SHEFFIELD**, on her own behalf and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>**NEOSTRATA COMPANY, INC.** d/b/a **NEOSTRATA** and **EXUVIANCE**,<br><br>Defendants. | Case No.: ____________________<br><br>SUMMONS |

**TO:** **PIERCE COUNTY SUPERIOR COURT CLERK**;
**AND TO:** **NEOSTRATA COMPANY, INC.** d/b/a **NEOSTRATA** and **EXVUANCE**;

A lawsuit has been started against you in the above-entitled court by Plaintiff Tiffany Sheffield, by and through her attorney, Samuel J. Strauss of Strauss Borrelli PLLC. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or 60 days if you were personally served outside the state, excluding the day of service, or a default judgment may be entered against you without notice. A



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Case 3:26-cv-05764 Document 3-2 Filed 07/10/26 Page 3 of 5

default judgment is one where the plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Case 3:26-cv-05764 Document 1-4 Filed 07/10/26 Page 4 of 5

Date: June 10, 2026

/s/ *Samuel J. Strauss*
Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

## NOTICE RE:MILITARY SERVICE MEMBERS

**NOTICE**: State and federal law provide protections to defendants who are on active duty in the military service, and to their dependents. Dependents of a service member of the service member's spouse, the service member's minor child, or an individual for whom the service member provided more than on-half of the individual's support for one hundred eighty days immediately preceding an application for relief.

One protection provided is the protection against the entry of a default judgment in certain circumstances. **This notice only pertains to a defendant who is a dependent of a member of the national guard or a military reserve component under a call to active service for a period of time of more than thirty consecutive days.** Other defendants in military service also have protections against default judgments not covered by this notice. If you are the dependent of a member of the national guard or a military reserve component under a call to active service for a period of more than thirty consecutive days, you should notify the plaintiff or the plaintiff's attorneys in writing of your status as such within twenty days of the receipt of this notice.

If you fail to do so, then a court or an administrative tribunal may presume that you are not a dependent of an active-duty member of the national guard or reserves, and proceed with the entry of an order of default and/or a default judgment without further proof of your status. Your response to the plaintiff or plaintiff's attorney(s) about your status does not constitute an appearance for jurisdictional purposes in any pending litigation nor a waiver of your rights.



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Case 3:26-cv-05754 … Page 1 of 2

# EXHIBIT C

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 10 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

**SUPERIOR COURT OF WASHINGTON FOR PIERCE COUNTY**
**CASE INFORMATION COVER SHEET / CIVIL CASE**

Case Title TIFFANY SHEFFIELD VS. NEOSTRATA COMPANY INC. D/B/A NEOSTRATA AN
Case Number 26-2-09206-6
Atty/Litigant Samuel Joseph Strauss
Bar# 46971
Phone (872) 263-1100
Address 980 N Michigan Ave Ste 1610
Email address ____
City CHICAGO
State IL
Zip Code 60611

Please check one category that best describes this case for indexing purposes.
***If you cannot determine the appropriate category, Please describe the cause of action below. This will create a Miscellaneous cause which is not subject to PCLR 3.***

**APPEAL / REVIEW**
- ☐ Administrative Law Review (ALR 2) REV 6
- ☐ Civil, Non-Traffic (LCA 2) REV 6
- ☐ Civil, Traffic (LCI 2) REV 6
- ☐ Land Use Petition (LUP 2) LUPA
- ☐ DOL Revocation – Appeal (DOL) REV 4

**CONTRACT / COMMERCIAL**
- ☐ Breach of Contract, Commercial Non-Contract, or Commercial-Contract (COM 2) STANDARD
- ☐ Collection (COL 2) REV 4
- ☐ Contractor Bond Complaint (CBC) REV 4

**JUDGMENT**
- ☐ Judgment, Another County or Abstract Only (ABJ 2) Non PCLR
- ☐ Transcript of Judgment (TRJ 2) Non PCLR
- ☐ Foreign Judgment Civil or Judgment, Another State (FJU 2) Non PCLR

**TORT / MOTOR VEHICLE**
- ☐ Death, Non-Death Injuries or Property Damage Only (TMV 2) STANDARD

**TORT / NON-MOTOR VEHICLE**
- ☐ Other Malpractice (MAL 2) COMPLEX
- ☐ Personal Injury (PIN 2) STANDARD
- ☐ Property Damage (PRP 2) STANDARD
- ☐ Wrongful Death (WDE 2) STANDARD
- ☐ Other Tort, Products Liability of Asbestos (TTO 2)

**WRIT**
- ☐ Habeas Corpus (WHC 2) REV 4
- ☐ Mandamus (WRM 2) REV 4
- ☐ Review (WRV 2) REV 4
- ☐ Miscellaneous Writ (WMW 2) REV 4

**PROPERTY RIGHTS**
- ☐ Condemnation (CON 2) STANDARD
- ☐ Foreclosure (FOR 2) REV 4
- ☐ Property Fairness (PFA 2) STANDARD
- ☐ Quiet Title (QTI 2) STANDARD
- ☐ Unlawful Detainer / Eviction (UND 2) REV 4
- ☐ Unlawful Detainer / Contested (UND 2) REV 4
- ☐ Unlawful Detainer Commercial (UNDB) REV 4

**OTHER COMPLAINT OR PETITION**
- ☐ Compel/Confirm Bind Arbitration, Deposit of Surplus Funds, Interpleader, Subpoenas, Victims' Employment Leave, or Wireless Number Disclosure, Miscellaneous (MSC 2) REV 4
- ☐ Injunction (INJ 2) REV 4
- ☐ Ballot Title (BAT) REV 4
- ☐ Subdivision Elect Law Review (SER) REV 4
- ☐ Minor Settlement/No Guardianship (MST2) REV 4
- ☐ Pet for Civil Commit/Sex Predator (PCC2) REV 4
- ☐ Property Damage Gangs (PRG 2) REV 4
- ☐ Relief from Duty to Register (RDR) REV 12
- ☐ Restoration of Firearm Rights (RFR 2) REV 4
- ☐ Seizure of Property/Comm. of Crime (SPC2) REV 4
- ☐ Seizure of Property Result from Crime (SPR2) REV 4
- ☐ Trust/Estate Dispute Resolution (TDR2) REV 12
- ☐ Restoration of Opportunity (CRP) REV 4
- ☐ Voter Election Law Review (VEP) REV 4
- ☐ Abusive Litigation (ABL) REV 4
- ☑ Consumer Protection Act (CPA) STANDARD
- ☐ Employment (EMP) STANDARD
- ☐ Law Enforcement Face Covering (LFC) REV 4

**TORT / MEDICAL MALPRACTICE**
- ☐ Hospital, Medical Doctor, or Other Health Care Professional (MED2) COMPLEX

**MISCELLANEOUS** ____

# EXHIBIT D

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 10 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF PIERCE

**TIFFANY SHEFFIELD**, on her own behalf and on behalf of others similarly situated,

Plaintiff,

vs.

**NEOSTRATA COMPANY, INC.** d/b/a **NEOSTRATA** and **EXUVIANCE**,

Defendants.

Case No.: ______________________________

JURY DEMAND

Plaintiff Tiffany Sheffield, on her own behalf and on behalf of others similarly situated, hereby demands a trial by a twelve-person jury in the above-entitled action upon all issues.

*[Counsel signatures to follow on next page.]*



STRAUSS BORRELLI PLLC
980 N Michigan Avenue, Suite 1610
Chicago, Illinois 60611-4501
TEL. 872.263.1100 • FAX 872.863.1109
straussborrelli.com

Date: June 10, 2026

/s/ Samuel J. Strauss

Samuel J. Strauss, WSBA No. 46971
Raina C. Borrelli*
**STRAUSS BORRELLI PLLC**
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

Lynn A. Toops*
Natalie A. Lyons*
Ian R. Bensberg*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Telephone: (317) 636-6481
ltoops@cohenmalad.com
nlyons@cohenmalad.com
ibensberg@cohenmalad.com

J. Gerard Stranch, IV*
Michael C. Tackeff*
Andrew K. Murray*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Telephone: (615) 254-8801
gstranch@stranchlaw.com
mtackeff@stranchlaw.com
amurray@stranchlaw.com

*Counsel for Plaintiff and the Putative Class*

*** Applications for admission *pro hac vice* forthcoming**

# EXHIBIT E

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 10 2026 8:30 AM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR PIERCE COUNTY**

TIFFANY SHEFFIELD

Plaintiff(s)

Vs.

NEOSTRATA COMPANY INC. D/B/A NEOSTRATA AND EXUVIA

Defendant(s)

No. 26-2-09206-6

ORDER SETTING CASE SCHEDULE

| | |
|---|---|
| Type of case: | CPA |
| Estimated Trial (days): | |
| Track Assignment: | Standard |
| Assignment Department: | 04 |
| Docket Code: | **ORSCS** |

| | |
|---|---|
| Confirmation of Service - All Parties Served | 7/8/2026 |
| Confirmation of Joinder of Parties, Claims and Defenses | 10/7/2026 |
| Jury Demand | 10/14/2026 |
| Plaintiff's/Petitioner's Disclosure of Primary Witnesses | 12/2/2026 |
| Defendant's/Respondent's Disclosure of Primary Witnesses | 12/30/2026 |
| Disclosure of Rebuttal Witnesses | 2/17/2027 |
| Deadline for Filing Motion to Adjust Trial Date | 3/17/2027 |
| Discovery Cutoff | 4/21/2027 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 5/5/2027 |
| Joint Statement of Evidence | 5/12/2027 |
| Deadline to file Certificate or Declaration re: Alternative Dispute Resolution | 5/12/2027 |
| Deadline for Hearing Dispositive Pretrial Motions | 5/12/2027 |
| Pretrial Conference | Week of 5/26/2027 |
| Trial | 6/9/2027 9:00 |

**NOTICE TO PLAINTIFF/PETITIONER**

If the case has been fields, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/ petition: Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 3.

A FREE LINX account is required in order to access electronic services (including e-filing, e-service, order submissions, etc). You can setup your free LINX account here: **https://www.piercecountywa.gov/374/E-Filing**

**NOTICE TO ALL PARTIES**

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 3 does not apply while the case is in arbitration.

Dated: June 10, 2026

Rebecca K. Reeder

Judge Rebecca K. Reeder
Department 04

Case 3:26-cv-05764 Document 1-6 Filed 07/10/26 Page 1 of 4

# EXHIBIT F

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

June 15 2026 10:32 AM

PIERCE COUNTY CLERK
**NO: 26-2-09206-6**

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON PIERCE COUNTY

**TIFFANY SHEFFIELD, on her own behalf and on behalf of others similarly situated**

*Plaintiff(s) / Petitioner(s)*

v. Case No.: 26-2-09206-6

**NEOSTRATA COMPANY, INC. d/b/a NEOSTRATA and EXUVIANCE**

*Defendant(s) / Respondent(s)*

**AFFIDAVIT OF SERVICE**

I, Kimberly Mcmullin, state:

I am 18 years or older and not a party to this action or a member of a corporation or organization that is a party to this action.

I served the following documents to NEOSTRATA COMPANY, INC. d/b/a NEOSTRATA and EXUVIANCE in New Castle County, DE on June 12, 2026 at 9:43 am at 1209 N Orange St, Wilmington, DE 19801-1120 by leaving the following documents with April Ransburg who as INTAKE_SPECIALIST at THE CORPORATION TRUST COMPANY is authorized by appointment or by law to receive service of process for NEOSTRATA COMPANY, INC. d/b/a NEOSTRATA and EXUVIANCE.

CLASS ACTION COMPLAINT
CASE INFORMATION COVER SHEET / CIVIL CASE
JURY DEMAND
SUMMONS
ORDER SETTING CASE SCHEDULE
Race: Black or African American, Sex: Female, Est. Age: 35-44, Hair: Blonde, Glasses: N, Est. Weight: 140 lbs to 160 lbs, Est. Height: 5' 6" to 5' 9".

Case 3:26-cv-05764 Document 1-4 Filed 07/10/26 Page 3 of 4

Geolocation of Serve: https://google.com/maps?q=39.74825,-75.5475166667
Photograph: See Exhibit 1

Total Cost: $122.25

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FACTS HEREIN ARE TRUE AND CORRECT.

Executed in Philadelphia County, PA on 6/15/2026.

/s/ Kimberly Mcmullin
Signature
Kimberly Mcmullin
+1 (484) 319-1715


Exhibit 1a)
1209
CT
FIRE DEPARTMENT CONNECTION
CT

# EXHIBIT G

Case 3:26-cv-05754 Document 7 Filed 07/10/26 Page 2 of 5

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

July 02 2026 12:57 PM

PIERCE COUNTY CLERK
NO: 26-2-09206-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
PIERCE COUNTY

| | |
|---|---|
| TIFFANT SHEFFIELD, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEOSTRATA COMPANY, INC. D/B/A NEOSTRATA AND EXUVIANCE,<br><br>Defendants. | Case No. 26-2-09206-6<br><br>NOTICE OF APPEARANCE FOR DEFENDANT NEOSTRATA COMPANY, INC. |

TO: Clerk of the Court

AND TO: All Counsel of Record

PLEASE TAKE NOTICE that David Freeburg, WSBA No. 48935, hereby enters his appearance as counsel of record for Defendant NeoStrata Company, Inc. ("NeoStrata") and requests that all papers and pleadings, except for original process, in this case be served at the address stated below. Neostrata hereby specifically reserves all defenses, including defenses related to the insufficiency of process, insufficiency of service of process, and personal jurisdiction.



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

Dated: July 2, 2026

**DLA PIPER LLP (US)**

By: *s/ David Freeburg*
David Freeburg, WSBA No. 48935
701 Fifth Avenue, Suite 6900
Seattle, Washington 98104-7029
Telephone: 206.839.4812
E-mail: *David.Freeburg@us.dlapiper.com*

*Attorneys for Defendants NeoStrata Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Samuel J. Strauss, WSBA No. #46971<br>Raina C. Borrelli<br>STRAUSS BORRELLI, LLP<br>980 N. Michigan Avenue, Suite 1610<br>Chicago, IL 60611<br>E-mail: sam@straussborrelli.com<br>E-mail: raina@straussborrelli.com<br>Phone: (872) 263-1100<br><br>*Attorneys for Plaintiff* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| Lynn A. Toops<br>Natalie A. Lyons<br>Ian R. Bensberg<br>COHENMALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianiapolis, IN 46204<br>Telephone: (317) 636-6481<br>ltoops@cohenmalad.com<br>nlyons@cohenmalad.com<br>ibensberg@cohenmalad.com<br><br>*Attorneys for Plaintiff* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |
| J. Gerard Stranch, IV<br>Michael C. Tackeff<br>Andrew K. Murray<br>STRANCH, JENNINGS & GARVEY, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>Telephone: (615) 254-8801<br>gstranch@stranchlaw.com<br>mtackeff@stranchlaw.com<br>amurray@stranchlaw.com<br><br>*Attorneys for Plaintiff* | ☐ Via Hand Delivery<br>☑ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 2nd day of July, 2026.

*s/ Kiersten Houst*
Kiersten Houst, Legal Executive Assistant



DLA Piper LLP (US)
701 Fifth Avenue, Suite 6900
Seattle, WA 98104-7029 |
Tel: 206.839.4812

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

TIFFANY SHEFFIELD, on their own behalf and on behalf of others similarly situated,

**(b)** County of Residence of First Listed Plaintiff: Pierce County, WA

*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Strauss Borrelli, LLP, 980 N. Michigan Avenue, Suite 1610 Chicago, IL 60611. 872.263.1100

## DEFENDANTS

NEOSTRATA COMPANY, INC. D/B/A NEOSTRATA AND EXUVIANCE

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

DLA PIPER LLP (US); 701 Fifth Avenue, Ste. 6900, Seattle, WA 98104-7029; 206.839.4800

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. §§ 1332(d), 1441, 1446, and 1453

Brief description of cause:
Diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** Over $5 Million

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: 07/10/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ David Freeburg

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

Case 3:26-cv-05754 Document 1-1 Filed 07/10/26 Page 2 of 2

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.